SILKEY, ET AL. *v.* MALONE

[No. 18,388.   Filed April 10, 1953.]

*Wilbur F. Dassel,* of Evansville, for appellants.

*Elvin H. Hewins, Iglehart & Hewins,* of Evansville, for appellees.

CRUMPACKER, J.—The evidence most favorable to the appellee tends to establish the following facts: The appellants, Harold and Lucille Silkey, are the owners of real estate in Vanderburgh County, Indiana, located at the southeast corner of the intersection of State Highway 66 and Mesker Park Drive and popularly described as a "drive-in restaurant" and parking lot. Up to June 4, 1951, the appellants operated a restaurant business on these premises and incidental thereto they lived off and on, in quarters consisting of two rooms and a bath in the restaurant building which were set off and apart from the business portion thereof. On said June 4, 1951, the appellants sold their business and trade fixtures to the appellee, William L. Malone, for the sum of $12,500 and entered into a written lease with him whereby the entire premises were let to said Malone for a term of three years beginning on said date and ending on June 4, 1954, unless terminated sooner as in said lease provided.

Shortly after taking possession of the premises the appellee was married and he and his wife took up residence in the living quarters in the restaurant building and have so occupied them ever since. The appellants knew this but made no objection thereto for five months during which time they accepted monthly installments of the rent as the same became due. They then concluded that the appellee's residence in that part of the restaurant building, especially designed for the purpose, was a violation of the terms of the lease and they brought this suit by two paragraphs of complaint in the first

of which they asked the court to declare by judgment that that part of the lease pertaining to the appellee's use of the premises, prohibits occupancy of any part thereof for living quarters. The second paragraph of the complaint asks possession of the premises and damages for its alleged wrongful detention by the appellee. The appellee joined issue by answers agreeable to Rule 1-3 and by a third paragraph of answer in which he alleges that on the same day the lease in controversy was executed the "Authorized Use" clause thereof was modified, by agreement of all parties, by adding thereto the following words: "Lessee agrees that said demised premises will not be used for permanent living quarters" but on the following day, likewise by agreement of the parties, said words were stricken out, leaving the lease as originally executed and as tendered by the appellants as the true contract between the parties. These issues were submitted to the court for trial which resulted in a finding and judgment for the appellee.

It is not clear on what theory the third paragraph of answer can be considered a good defense to either paragraph of the complaint but nevertheless the appellant, Lucille Silkey, offered to file her separate reply of *non est factum* thereto. The court refused to accept said reply and such action constitutes the first alleged error we are called upon to review. A plea of *non est factum* is addressed to a pleading found on a written instrument and its only effect is to require the party who relies upon such writing to prove its execution which he otherwise would not be required to do under the statute. Sec. 2-1033 Burns' 1946 Replacement; *Wabash Valley Trust Co. v. Fisher* (1942), 220 Ind. 133, 41 N. E. 2d 352. The only written instrument involved in this case is the lease which said appellant herself alleges to be the contract between the parties

and which she made a part of her complaint and asked the court to construe. By his third paragraph of answer the appellee makes no claim that any different or modified agreement became the final contract between the parties. Upon this state of the record said appellants plea of *non est factum* was wholly inappropriate and the court properly refused to accept it.

This controversy revolves around a provision of the lease which appears under the heading "Authorized Use" and which reads as follows:

> "The Lessee shall use said demised premises for the operation of a restaurant. Lessee agrees that at no time will he sell, or offer for sale, any intoxicating liquors of any kind whatsoever on said demised premises, and Lessee further agrees that he will not permit any other person or persons to sell or offer for sale any intoxicating liquors on said demised premises."

The appellants contend that a recital in a lease of the purposes for which the demised premises are let constitutes an express covenant on the part of the tenant to use them for no other purpose. They say that the provision of the present lease above quoted is a covenant on the part of the appellee that he will not use the restaurant building for any purpose other than the operation of a restaurant and when he utilized a part thereof for living quarters he violated this covenant and rendered the lease subject to forfeiture. On the other hand, the appellee asserts that a provision which authorizes the use of the leased premises for a specific purpose is not restrictive, but permits the tenant to carry on any lawful business which is not injurious to the premises.

While there is respectable authority sustaining the appellants' position we find no case in Indiana so hold-

ing. The majority rule seems to be that, in the absence of an exclusion of all other purposes, a lease for a specific purpose is regarded as "permissive" and not "restrictive" and does not limit or impliedly forbid the use of the premises for related purposes which are lawful and not injurious to the property. 51 C. J. S., Landlord and Tenant, §337 (b), and cases cited. Anno. 148 A. L. R. 583.

Ambiguous provisions in a lease, as in all written instruments, should be construed in such manner as to carry into effect the intention of the parties in respect thereto. In the present instance the building on the leased premises was constructed to serve a two-fold purpose. Its main function was to house what is commonly known as a "drive-in restaurant" and incidental thereto a part of the building was set off and designed for the private use of the proprietor as living quarters. Prior to the sale of their business and fixtures to the appellee and the execution of the lease in question, the appellants had utilized said building for both purposes. Considering only the evidence most favorable to the court's decision it appears that the appellee was an unmarried man when the lease was signed and for that reason the appellants preferred that he did not live on the premises and to that end, and with his consent, the words "Lessee agrees that said demised premises will not be used for permanent living quarters" were added to the "Authorized Use" clause in the lease. On being informed the following day that the appellee was about to be married the appellants agreed that such added sentence be stricken out which was accordingly done. It is true that the appellant, Lucille Silkey, testified that she was unaware of these alterations and never consented thereto but the evidence indicates that she was present when they

were made and the court apparently rejected her profession of ignorance in respect thereto. Under such circumstances the court was justified in concluding that the "Authorized Use" clause, as it was ultimately agreed upon, was intended by the parties to permit the use of the leased premises for the purposes it was designed and built to serve and that the appellee's residence therein was not a violation of the said covenant.

Lastly the appellant says that the court should not have permitted Jane Malone, the appellee's wife, to testify that the appellant, Lucille Silkey, mopped the floor and reddied the living quarters in the leased premises for occupancy by her husband and herself upon their return from their wedding and that the appellant, Harold Silkey, attempted to install a knob on the door of the clothes closet in said living quarters for the use of the appellee and his bride while living there. The appellants' objection to this evidence is to the effect that it is parol testimony tending to vary the terms of a written instrument. With this we cannot agree. The appellants asked the court to declare the legal effect of the "Authorized Use" clause in the lease which they alleged was ambiguous. To do so the court had to arrive at the intention of the parties and the above testimony certainly threw some light on that question. It was admitted to determine and fix the terms of the lease and not to vary them.

We find no error in the record and the judgment is therefore affirmed.

NOTE.—Reported in 111 N. E. 2d 665.